UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VINCENT KENT WILLIAMS,

    *Petitioner*                CRIM. CASE NO: 1:14-cr-20427
                                                CIV. CASE NO.: 1:16-cv-12401
v.                                         DISTRICT JUDGE THOMAS L. LUDINGTON
                                          MAGISTRATE JUDGE PATRICIA T. MORRIS

UNITED STATES OF AMERICA,

    *Respondent.*
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 233)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion to vacate (Doc. 233) be **DENIED.**

**II.    REPORT**

    **A.    Introduction**

Without a written plea agreement, Petitioner pleaded guilty to Count 23 of the indictment which charged him with distribution of cocaine base, aiding and abetting. (Doc. 135.) Petitioner was sentenced to 140 months incarceration. (*Id.*) The applicable guideline range for Petitioner was 168-210 months because Petitioner was a career offender under USSG §4B1.1 since he had been convicted of three prior felony controlled substance offenses, two convictions in 2011 for delivery or manufacture of marijuana and one conviction in 2013 for delivery or manufacture of marijuana. (Doc. 238 at ID 1625.) The district court determined that a one-level downward departure was

appropriate, resulting in a guideline range of 155-188 months. (Doc. 146 at ID 923.) Petitioner's sentence was below even this lower guideline range.

Petitioner appealed his conviction and sentence and on December 30, 2015, the Sixth Circuit issued its opinion, affirming the district court's opinion. (Doc. 195.) The Sixth Circuit addressed Petitioner's claims that he was unfairly sentenced because he was only involved in one controlled buy, that he was improperly sentenced as a career offender and that even if he were a career offender, the court should have declined to treat him as such, that the sentence imposed did not appropriately consider all the sentencing factors, that he should have received a mitigating role reduction, and that the sentence was not substantively reasonable. (Doc. 195.) The Sixth Circuit disagreed on all arguments and affirmed Petitioner's conviction and sentence. (*Id*.)

On June 24, 2016, Petitioner filed the instant motion to vacate under 28 U.S.C. § 2255. (Doc. 233.) Petitioner contends that his attorney was ineffective because he failed to investigate his prior record which would have revealed that his "March 09, 2010 prior conviction" "was erroneously classified as a felony" when in fact it was a misdemeanor, and which then resulted in the court erring and sentencing him as a career offender. (Doc. 233.)

On July 12, 2016, Respondent filed a response, arguing that Petitioner's motion is procedurally barred since they have been previously litigated in the Sixth Circuit Court of Appeals, that Petitioner's claim regarding the March 2010 conviction is procedurally defaulted for failure to raise it on appeal, and that counsel was not ineffective. (Doc. 238.) Respondent attached the record from state court regarding the March 2010 charge and conviction which clearly show that Petitioner was charged, convicted and sentenced for a felony controlled substance, delivery/manufacture of marijuana. (Doc. 238 at ID 1634-49.) Petitioner was sentenced to 120 days

with credit for 88 days but the sentence, of course, does not change the classification of the conviction as a felony. (Doc. 238 at 1639.)

    **B.**    **Law and Analysis**

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was

prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

As to the career offender and generalized fairness/due process sentencing issues, since the Sixth Circuit addressed them and found they lacked merit, I suggest that these claims are

procedurally barred. "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Petitioner has alleged no such exceptional circumstances justifying further review, and the record reveals none. In addition, when the appellate court has found the underlying argument to be without merit, any claim that a trial attorney was ineffective for failing to raise the same error is also procedurally barred. *See United States v. Ramirez*, 327 F. App'x 751, 752 (9th Cir. 2009) ("Because we held on direct appeal that any error . . .was harmless, Ramirez is barred from contending here that his attorney rendered ineffective assistance."). Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010). Furthermore, even if the claims were not procedurally barred, I suggest the result would be the same. Since the Sixth Circuit has held that the alleged errors were without merit, any failure on the part of counsel for not raising them could not have prejudiced Petitioner as required under *Strickland*. *See Lockhart*, 506 U.S. at 369.

I further note that Plaintiff's argument regarding the March 2010 conviction would also have been considered part of the argument regarding his challenge to the career offender enhancement. If the March 2010 conviction argument is not procedurally barred, it may be procedurally defaulted, and even if not defaulted, the argument lacks merit. First, Petitioner had more than two other convictions for which he could be properly treated as a career offender.

Second, although Petitioner was not sentenced to a term in excess of one year for the March 2010 conviction, the conviction was nonetheless a felony, as evidenced by the Bay County Court record. (Doc. 238 at ID 1634-49.) Accordingly, this argument lacks merit and counsel could not have been ineffective for failing to raise it.

### C. Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

### D.  Conclusion

For all the reasons stated above, I recommend that the Court deny Petitioner's motion to vacate sentence (Doc. 233).

## III.  REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 18, 2017             S/ PATRICIA T. MORRIS
                                    Patricia T. Morris
                                    United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Vincent Kent Williams #50231039 at Hazelton U.S. Penitentiary, Inmate Mail/Parcels, P.O. Box 5000, Bruceton Mills, WV 26525.

Date: January 18, 2017              By s/Kristen Castaneda
                                    Case Manager