UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                      Case No. 14-cr-20427-06

v.                                                    Honorable Thomas L. Ludington
                                                       Magistrate Judge Patricia T. Morris

VINCENT KENT WILLIAMS,

    Defendant-Petitioner.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255, DENYING CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On February 26, 2015, Defendant Vincent Kent Williams was sentenced to 140 months after pleading guilty to aiding and abetting the distribution of cocaine base. ECF No. 135. His sentence was affirmed on appeal. ECF No. 195. On June 24, 2016, Williams filed a motion to vacate his sentenced under 28 U.S.C. § 2255. ECF No. 233. That motion was referred to Magistrate Judge Patricia T. Morris, ECF No. 235, and Judge Morris issued a report and recommendation on January 18, 2017. ECF No. 259. In that report and recommendation, Judge Morris recommended that Williams's motion to vacate be denied because his ineffective assistance of counsel claims were procedurally barred and because he was properly sentenced as a career offender.

Although the Magistrate Judge's report explicitly stated that the parties to this action may object to and seek review of the recommendation within fourteen days of service of the report, neither Petitioner nor Respondent filed any objections. The election not to file objections to the Magistrate Judge's report releases the Court from its duty to independently review the record.

*Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal.

Before the petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254.

Having considered the matter, the Court concludes that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation, ECF No. 259, is **ADOPTED**.

- 3 -

It is further **ORDERED** that Defendant Johnson's motion to vacate, ECF No. 233, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.


Dated: February 21, 2017          s/Thomas L. Ludington
                                  THOMAS L. LUDINGTON
                                  United States District Judge


PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 21, 2017.

                        s/Kelly Winslow for
                        MICHAEL A. SIAN, Case Manager