UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VINCENT KENT WILLIAMS,

        Petitioner,         Case No. 14-cr-2042-6

v.         Honorable Thomas L. Ludington
        Magistrate Judge Patricia T. Morris

UNITED STATES OF AMERICA,

        Respondent.

_____/

**ORDER GRANTING MOTION TO ACCEPT MOTION FOR RECONSIDERATION AS TIMELY FILED, OVERRULING OBJECTIONS, AND DENYING MOTION FOR RECONSIDERATION**

On February 26, 2015, Defendant Vincent Kent Williams was sentenced to 140 months after pleading guilty to aiding and abetting the distribution of cocaine base. ECF No. 135. His sentence was affirmed on appeal. ECF No. 195. On June 24, 2016, Williams filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 233. That motion was referred to Magistrate Judge Patricia T. Morris for decision, ECF No. 235, and Judge Morris issued a report and recommendation on January 18, 2017. ECF No. 259. In the report and recommendation, Judge Morris recommended that Williams's motion to vacate be denied because his ineffective assistance of counsel claims were procedurally barred and because he was properly sentenced as a career offender.

Although the Magistrate Judge's report explicitly stated that the parties to this action could object to and seek review of the recommendation within fourteen days of service of the report, Williams did not file objections within that time period. On February 21, 2017, over a month after the report and recommendation was issued, the Court adopted the report and

recommendation. ECF No. 260, 261. Later that same day, Williams filed objections to the report and recommendation. ECF No. 262. On August 14, 2017, Williams filed a motion to accept his motion for reconsideration as timely. ECF No. 275. He attached the motion for reconsideration as an exhibit to his motion.

Williams's objections are untimely. However, even if they were considered on their merits, Williams would not be entitled to relief. Williams's motion to accept the motion for reconsideration as timely filed will be granted. However, because Williams's does not identify a defect in Judge Morris's report and recommendation or the Court's order dismissing his § 2255 motion, the motion for reconsideration will be denied.

**I.**

**A.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those

portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

**B.**

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also* Bowens v. Terris, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

**II.**

Williams has filed four objections to Judge Morris's report and recommendation. The objections were untimely. However, because the Court prefers to resolve matters on their merits as opposed to via technicalities, the objections will be considered. For the following reasons, Williams's objections will be overruled.

A.

First, Williams argues that "the issues and arguments in his motion under 28 U.S.C. § 2255 are fundamentally different than those brought on direct appeal. As such, there is no validity to the claim that these issues are barred." Objs. at 2, ECF No. 262. Williams does not specifically identify the arguments which he asserts are now fundamentally different. As such, this is a generalized objection that does not trigger de novo review. More importantly, in his petition for relief pursuant to § 2255, Williams raises only an ineffective assistance of counsel claim. Judge Morris found that "even if the claims were not procedurally barred, . . . the result would be the same. Since the Sixth Circuit has held that the alleged errors were without any merit, any failure on the part of counsel for not raising them could not have prejudiced Petitetioner." Rep. & Rec. at 5, ECF No. 259. Williams's claim of ineffective assistance of counsel was not raised on appeal and thus is, technically, a new argument. But, as Judge Morris properly explains, the Sixth Circuit's rejection of his underlying claims demonstrates that any ineffectiveness by his trial counsel did not prejudice him. Williams's first objection has no merit.

B.

In his second objection, Williams argues that he was improperly sentenced as a career offender. Williams argues that he is entitled to relief pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme

Court held that the Armed Career Criminal Act's (ACCA) residual clause (which defined a "violent felony" as including an offense that "involves conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague and violative of due process. 18 U.S.C. § 924(e)(2)(B)(ii). However, Williams was not sentenced under the residual clause. Rather, he was sentenced under § 4B1.2(a) of the sentencing guidelines, which provides for classification of a defendant as a career criminal if the defendant has two prior controlled substance convictions.

In *Mathis*, the Supreme Court outlined the process by which district courts should determine if a defendant's prior conviction is one of the enumerated violent felonies listed in § 924(e)(2)(B)(ii) (defining "violent felonies" as including "burglary, arson, or extortion"). 136 S. Ct. at 2243. Prior to *Mathis*, the Supreme Court required district courts to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense. *Id.* at 2257. *See also Taylor v. United States*, 495 U.S. 575, 599 (1990). In *Mathis*, the Court reaffirmed that approach. As the Court explained: Because the inquiry focuses on the generic offense, the court "may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition." *Mathis*, 136 S. Ct. at 2257.[1] If the elements of the state law crime are broader than the generic version of the enumerated federal offense, then the state law conviction cannot serve as a predicate for career offender status.

However, the Supreme Court has distinguished between "elements" and "means." *Id.* at 2256. According to the Court, elements are things which must be charged to establish commission of an offense, while things which need not be charged are means. *Id.* Sometimes, a

---
[1] This is called the "categorical approach."

statute will "set out one or more elements of the offense in the alternative." *Descamps*, 133 S. Ct at 2281. If that is the case, then the sentencing court may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* That alternative element is then compared to the generic offense to determine whether it can serve as qualified enumerated offense under the ACCA. *Id.*[2]

In *Mathis*, the Supreme Court addressed the scenario that arises when the statute lists "alternative *means* of fulfilling one (or more)" of the elements. 136 S. Ct. at 2253 (emphasis added). In that case, the sentencing court may not inquire into which of the different "means" of satisfying a certain element was present in the case before the court. *Id.* at 2256. In other words, the modified categorical approach applies to statutes with alternative elements, but does not apply to statutes with alternative means of satisfying a given element.

Williams was not sentenced under the violent criminal provision of the ACCA. Rather, he was sentenced under the prior controlled substance convictions provision of the Sentencing Guidelines. Because of that important distinction, the *Mathis*, *Descamps*, and *Johnson* decisions are not directly applicable to Williams.

In *Hinkle*, however, the Fifth Circuit applied the Supreme Court's reasoning in *Mathis* to the prior controlled substance convictions provision of the Sentencing Guidelines. 832 F.3d at 574. The Fifth Circuit recognized that *Mathis* dealt with the ACCA, but concluded that its reasoning regarding application of the categorical and modified categorical approaches was controlling even when determining whether the prior controlled substance convictions provision of the Sentencing Guidelines was applicable. *Id.* at 574–75. The *Hinkle* Court then concluded that the "method used to deliver a controlled substance" was a means, not an element, of committing the Texas crime. For that reason, the categorical approach was applied, meaning that

---
[2] This is the "modified categorical approach."

the generic federal crime for delivering a controlled substance was compared in scope to all potential means of "delivering" under the Texas statute. *Id.* at 575–76. As the Fifth Circuit held:

> The "delivery" element of Hinkle's crime of conviction criminalizes a "greater swath of conduct than the elements of the relevant [Guidelines] offense." This "mismatch of elements" means that Hinkle's conviction for the knowing delivery of heroin is not a controlled substance offense under the Guidelines. That prior conviction cannot serve as a predicate offense under the Career Offender Guideline provision, which is § 4B1.1.

*Id.* at 576 (quoting *Mathis*, 136 S.Ct. at 2251).

The rationale in *Hinkle* has not been expressly adopted by the Sixth Circuit.[3] But even if it were adopted, Williams would not be entitled to relief.

Williams argues that his state court convictions for delivery or manufacturing of marijuana were improperly used as predicate offenses because the Michigan statute he was convicted under is broader than the generic federal crime for delivering a controlled substance. Williams has three state court convictions for delivering or manufacturing marijuana in violation of Mich. Comp. L. § 333.7401(2)(d)(iii). *See* Gov't Resp, ECF No. 238, Ex. A, B, and C. Michigan Compiled Law § 333.7401 contains multiple provisions with different punishments. Accordingly, the state statute involves alternative elements, and the modified categorical approach is applied. *See Mathis*, 136 S. Ct. at 2256 ("If statutory alternatives carry different punishments, then . . . they must be elements."). Thus, the comparison to the generic federal offense focuses on whether the element Williams was convicted of is broader than the generic federal offense. It is not. *Compare* U.S.S.G. 4B1.2 ("The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a

---

[3] In *United States v. Tibbs*, 685 F. App'x 456, 462–63 (6th Cir. 2017) the Sixth Circuit considered a petitioner's argument that was premised on *Hinkle*, but did not appear to adopt the *Hinkle* analysis.

counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.") *with* § 333.7401(1) ("[A] person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance.").

The *Hinkle* decision rested on the differences between the definition of "delivery" in the Texas statute compared to the generic federal definition. Here, however, the definitions of "delivery" are materially identical. The Michigan statute defines "delivery" as "the actual, constructive, or attempted transfer from 1 person to another of a controlled substance, whether or not there is an agency relationship." Mich. Comp. L. § 333.7105(1). Federal law defines "delivery" as "the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship." 21 U.S.C. § 802(8). Because Williams's state crimes of conviction are "the same as, or narrower than, the relevant generic offense," they were properly used as predicate offenses for the purposes of characterizing Williams as a career offender under § 4B1.1 of the Sentencing Guidelines. *Mathis*, 136 S. Ct. at 2257.

**C.**

In his third objection, Williams appears to argue that his right to due process was violated because his career offender status was based on invalid predicate offenses and because a 2010 conviction was improperly used as a predicate offense. Neither assertion is correct. As explained above, Williams's prior offenses were properly used as predicates for the career offender enhancement because his state crimes of conviction were the same as, or narrower than, the relevant generic federal offense. Similarly, Williams received career offender status because of two state court convictions from 2011 and one conviction from 2013. Thus, no conviction from

counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.") *with* § 333.7401(1) ("[A] person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance.").

The *Hinkle* decision rested on the differences between the definition of "delivery" in the Texas statute compared to the generic federal definition. Here, however, the definitions of "delivery" are materially identical. The Michigan statute defines "delivery" as "the actual, constructive, or attempted transfer from 1 person to another of a controlled substance, whether or not there is an agency relationship." Mich. Comp. L. § 333.7105(1). Federal law defines "delivery" as "the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship." 21 U.S.C. § 802(8). Because Williams's state crimes of conviction are "the same as, or narrower than, the relevant generic offense," they were properly used as predicate offenses for the purposes of characterizing Williams as a career offender under § 4B1.1 of the Sentencing Guidelines. *Mathis*, 136 S. Ct. at 2257.

**C.**

In his third objection, Williams appears to argue that his right to due process was violated because his career offender status was based on invalid predicate offenses and because a 2010 conviction was improperly used as a predicate offense. Neither assertion is correct. As explained above, Williams's prior offenses were properly used as predicates for the career offender enhancement because his state crimes of conviction were the same as, or narrower than, the relevant generic federal offense. Similarly, Williams received career offender status because of two state court convictions from 2011 and one conviction from 2013. Thus, no conviction from

2010 was used to determine whether Williams was a career offender. Williams's due process rights were not violated by the way his career offender status was calculated.

**D.**

Finally, Williams argues that the career offender guideline enhancment is unconstitutionally vague, citing *United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015). *Madrid* found that the residual clause of the career offender enhancement, § 4B1.2(a)(2) was void for vagueness. That provision involves the definition of "violent felonies" when used as predicate offenses for career offender status. Williams was sentenced as a career offender pursuant to his prior drug convictions and so the rationale in *Madrid* is inapplicable. More importantly, *Madrid* has been overruled by *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court held that "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v.*, 137 S. Ct. at 897. Williams's fourth objection will be overruled.

**III.**

Williams has also filed a motion for reconsideration (and a request to accept that motion as timely filed). Williams represents that he placed his motion for reconsideration in the prison mailing system, but it never made its way to the docket. Because the motion's untimeliness appears to have resulted from factors outside of Williams's control, the motion for reconsideration will be accepted as timely filed and resolved on the merits. In his motion for reconsideration, Williams again argues that his trial counsel was ineffective for not challenging the career offender enhancement at sentencing.

Specifically, Williams argues that "he was illegally sentenced as a career offender for one very simple reason: All but one of Williams's prior convictions were obtained without the

assistance of counsel and therefore could not be counted in the enhancement calculus." Mot. Recon. at 2, ECF No. 275. It is true that, generally speaking, a prior uncounseled conviction cannot be "used against a person either to support guilt or enhance punishment for another offense." *Burgett v. Texas*, 389 U.S. 109, 115 (1967). But that principle is inapplicable where the defendant intelligently and knowingly waived his right to counsel in the prior criminal proceedings. *Nichols v. United States*, 511 U.S. 738, 743 n.9 (1994).

Williams's trial counsel raised this very argument at sentencing. *See* Def. Sent. Memo. at 4, ECF No. 132. In response, the Government asserted that Williams had knowingly waived his right to counsel during the prior criminal proceedings. Gov't Sent. Memo. at 2–3, ECF No. 133. The Court overruled Williams's objection and applied the career offender enhancement. Williams did not call into question the validity of his waiver of counsel at sentencing and has not done so now. Thus, the convictions were properly used as predicate offenses for the career offender enhancement. And even if they were not, Williams's counsel raised the argument at sentencing. As such, Williams did not receive ineffective assistance of counsel.[4] Williams's motion for reconsideration will be denied. Williams also requests leave to amend his original motion "[i]f the court is of the opinion that the most liberal construction of the pleadings would prevent this court from dispensing justice." Mot. Recon. at 3. Because all arguments which Williams has raised to this point have been meritless, any amendment would be futile. To the extent Williams wishes to raise other arguments in a new § 2255 motion, that motion would be a second or successive § 2255 motion and Williams would be required to seek leave of the Sixth Circuit to file it.

**IV.**

---

[4] The Sixth Circuit expressly found that Williams was properly accorded career offender status, and so any direct challenge to that enhancement is procedurally barred. *See* Rep. & Rec. at 5 (citing *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

Accordingly, it is **ORDERED** that Williams's objections to the report and recommendation, ECF No. 262, are **OVERRULED.**

It is further **ORDERED** that Williams's request to accept his motion for reconsideration as timely filed, ECF No. 275, is **GRANTED.**

It is further **ORDERED** that Williams's motion for reconsideration, ECF No. 275, Ex. 1. is **DENIED.**

Dated: October 18, 2017

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 18, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager